UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
BARBARA LEACH,

                        Plaintiff,

                  -against-

CITY OF NEW YORK; Detective Gary Stopa (Tax No. 927561), Detective Raymond Gordon (Tax No. 916966), Detective Keith McDowell (Tax No. 935280), Detective Edward Fackler (Tax No. 913213), Police Officers JOHN and JANE DOES 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                      Defendants.
------------------------------------------------------------------ x

**AMENDED COMPLAINT**

Jury Trial Demanded

12-CV-1950 (MKB)(LB)

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Barbara Leach ("plaintiff" or "Ms. Leach") is a resident of Kings County in the City and State of New York. Ms. Leach is over sixty years old.

8. Detective Gary Stopa, Detective Raymond Gordon, Detective Keith McDowell and Detective Edward Fackler (the "detectives") were employed by the NYPD. At all times relevant herein, The Detectives were acting as agents, servants and employees of defendant City of New York and the NYPD. The Detectives are sued in their individual and official capacities. At all times relevant herein, all individual defendants were acting under color of state law.

9. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

10. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not

know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13. At approximately 6:45 p.m. on October 7, 2011, Plaintiff was lawfully in her home at 18 Macon Street in Brooklyn, New York. Her friend Lee Kelly was also present.

14. Plaintiff, hearing yelling coming from her yard, went out to her porch.

15. Plaintiff saw two men on top of her son, one holding him while the other repeatedly struck him.

16. Plaintiff yelled at the individuals to stop hitting her son.

17. Unbeknownst to plaintiff, the men assaulting her son were two of the defendant officers.

18. One of the defendants then pointed his gun in plaintiff's direction.

19. Fearful, Ms. Leach re-entered her home, locked the door and called 911.

3

20. The defendants entered plaintiff's home, grabbed her, twisted her arms behind her back and handcuffed her.

21. This use of excessive force by the defendants caused plaintiff to suffer swelling in her wrists and injuries to her elbow.

22. While plaintiff was handcuffed on her bed, the defendants unlawfully searched her home.

23. Plaintiff was placed into a police van and driven around the neighborhood.

24. Plaintiff was eventually taken to a police precinct.

25. Approximately three hours later plaintiff was transported to Brooklyn Central Booking.

26. The defendants falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff in possession of a weapon.

27. The defendants had not observed plaintiff in possession of a weapon.

28. At arraignment, the criminal charges against plaintiff were adjourned in contemplation of dismissal.

29. After spending approximately 29 hours in custody, plaintiff was released.

30. After her release, plaintiff visited the clinic at Interfaith Hospital where she was given medication for the pain from the injuries the officers caused.

31. Within ninety days after the claim alleged in this Complaint arose, a

written notice of claim was served upon defendants at the Comptroller's office at 1 Centre Street, New York, New York.

32. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

33. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

34. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of her liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to her reputation.

## FIRST CLAIM
### Unlawful Stop and Search

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

37. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

5

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

40. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### THIRD CLAIM

### State Law False Imprisonment and False Arrest

41. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

43. Plaintiff was conscious of his confinement.

44. Plaintiff did not consent to his confinement.

45. Plaintiff's confinement was not otherwise privileged.

46. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

47. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Unreasonable Force

48. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

49. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

50. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### State Law Assault and Battery

51. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

52. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

53. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

54. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SIXTH CLAIM
### Failure to Intervene

55. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

56. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

57. Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

58. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   September 17, 2012
         New York, New York

HARVIS MARINELLI
SALEEM & WRIGHT LLP

_____
Robert Marinelli
305 Broadway, 14th Floor
New York, New York 10007
(212) 822-1427

*Attorney for plaintiff*